O/JS-5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-1299 ODW (FFMx) | Date | October 16, 2009 |
|---|---|---|---|
| Title | *Kwame Boakye v. Hugo Boss Retail, Inc., et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                   Not Present

**Proceedings (IN CHAMBERS):** **Order GRANTING Defendant Hugo Boss U.S.A. Inc.'s Motion to Strike Plaintiff's Notice of Rule 68 Offer of Judgment and Acceptance of Offer of Judgment and to Relieve Defendant from Entry of Judgment Based Upon Rule 60(B)(1)  [39]**

**Order DENYING as Moot Plaintiff Kwame Boakye's Motion for Attorneys' Fees and Costs  [43]**

## I.    BACKGROUND

Kwame Boakye ("Plaintiff") was employed as a sales associate for Hugo Boss Retail, Inc. ("Defendant"). Following an illness and the resulting treatments, Plaintiff was granted a leave of absence for 12 weeks. Because of his ensuing medical condition, however, Plaintiff could not return to work as planned and the parties were not able to agree on a means to accommodate this new condition.

Consequently, on July 29, 2008, Plaintiff filed a complaint in California state court against Defendant for discrimination and retaliation in violation of the Fair Employment and Housing Act (FEHA), the California Family Rights Act (CFRA) as well as violations of the California Labor Code. On February 24, 2009, Defendant timely removed the case to federal court.

O/JS-5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1299 ODW (FFMx) | Date | October 16, 2009 |
|---|---|---|---|
| Title | *Kwame Boakye v. Hugo Boss Retail, Inc., et al.* | | |

     As the case was litigated, the parties engaged in settlement discussions, including a mediation on September 1, 2009, which ended without resolution. However, on September 9, 2009, counsel for Defendant emailed Plaintiff's counsel with a Fed. R. Civ. P. 68 Offer of Judgment, in which Defendant agreed to pay Plaintiff "the sum of $70,001, exclusive of costs and reasonable attorney fees."("Sept. 9 Offer"). The following day, on September 10, 2009 at 9:13 a.m., counsel for Defendant sent an email indicating that he was withdrawing the Sept. 9 Offer. On September 11, 2009, Defendant's counsel sent Plaintiff's counsel a "Clarified" Fed. R. Civ. P. 68 Offer of Judgment (" Clarified Offer"). Although both offers were for $70,001, the critical difference is that, while the Sept. 9 Offer excluded costs and attorneys' fees, the Clarified Offer was inclusive of attorneys' fees and costs and was contingent upon Plaintiff's resignation. Nonetheless, Plaintiff notified the Court on September 14, 2009 that he had accepted Defendant's Sept. 9 Offer. On the same day, the Court entered judgment accordingly.

     Presently before the Court is Defendant's Motion to Strike Plaintiff's Rule 68 Acceptance and to relieve Defendant from Entry of Judgment pursuant to Rule 60(B)(1). For the following reasons, the Court **GRANTS** Defendant's Motion. In addition, Plaintiff's Motion for Attorneys' Fees is **DENIED** without prejudice as moot.

## II.  LEGAL STANDARD

     Anytime more than 10 days before trial, a party defending against a suit may serve on the opposing party an offer of judgment. Fed. R. Civ. P. 68(a).  "The offer must set out the money or property or the effect of the adverse judgment to which defending party is willing to accede." *Simon v. Intercontinental Transport (ICT) B.V.*, 882 F.2d 1435, 1439 (9th Cir. 1989) (citing Fed. R. Civ. P. 68). "If the adverse party rejects the offer and fails after trial to obtain a judgment more favorable than the offer, Rule 68 requires that party to pay the costs incurred in litigating the case from the making of the offer." *Id.*

## III.  DISCUSSION

O/JS-5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1299 ODW (FFMx) | Date | October 16, 2009 |
|---|---|---|---|
| Title | *Kwame Boakye v. Hugo Boss Retail, Inc., et al.* | | |

     Plaintiff argues that a Rule 68 Offer of Judgment is irrevocable for ten days after it is made, and, therefore, Defendant could not have withdrawn its offer on September 10, 2009. This argument, however, is not supported by the law in this Circuit. Typically, the Ninth Circuit applies general principles of contract law to Rule 68 offers of judgment. *Erdman v. Cochise County*, 926 F.2d 877, 880 (9th Cir. 1991). The only exception this Circuit has recognized deals with Section 1983 cases—where it requires any waiver or limitation of attorneys' fees to be clear and unambiguous. *Id.* Therefore, like most contractual disputes, Plaintiff's claim can be resolved using basic contract principles. And it is a well-settled principle of contract law that an "offeree's power of acceptance is terminated when the offeree receives from the offeror a manifestation of an intention not to enter into the proposed contract." *Restatement (Second) of Contracts* § 42 (1981). Thus, Plaintiff's first argument fails.

     Further, Plaintiff argues that even if Defendant's Rule 68 Offer could be revoked, Defendant did not revoke it. This argument is similarly unpersuasive. Here, after Defense counsel emailed the initial Sept. 9 Offer to Plaintiff, he sent an email the following day that stated "I am withdrawing the Rule 68 offer." (Wasserman Decl. ¶¶ 5-6 (Ex. 3)). There is nothing vague or ambiguous about this statement. Additionally, on September 11, 2009, counsel for Defendant sent Plaintiff's counsel a "Clarified" Rule 68 offer, further demonstrating that the Sept. 9 Offer was revoked and being replaced with a new offer. (*See* Wasserman Decl. ¶¶ 8-9 (Ex. 4)). Defendant clearly revoked its Sept. 9 Offer on September 10, 2009, four days before Plaintiff's attempted acceptance on September 14, 2009.

///
///
///

O/JS-5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1299 ODW (FFMx) | Date | October 16, 2009 |
|---|---|---|---|
| Title | *Kwame Boakye v. Hugo Boss Retail, Inc., et al.* | | |

## IV.  CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Strike Plaintiff's Notice and Acceptance of Rule 68 Offer and relieves Defendant from entry of Judgment Pursuant to Rule 60(B)(1).  In addition, Plaintiff's Motion for Attorneys' Fees is **DENIED** without prejudice as moot.

|  | -- | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | RGN | |